**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2067-23

BPREP 530 DUNCAN, LLC,

      Plaintiff-Appellant,

v.

STANDARD LOGISTICS, LLC,

      Defendant-Respondent.

_____

      Argued October 22, 2024 – Decided November 27, 2024

      Before Judges Gilson and Augostini.

      On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0483-23.

      Jaimee Katz Sussner argued the cause for appellant (Sills Cummis & Gross, PC, attorneys; Jaimee Katz Sussner and Michael P. Crowley, of counsel and on the briefs).

      Daniel R. Guadalupe argued the cause for defendant (Pashman Stein Walder Hayden, PC, attorneys; Daniel R. Guadalupe and Doris Cheung, on the brief).

PER CURIAM

This appeal involves a dispute arising out of a commercial lease between plaintiff-landlord BPREP 530 Duncan LLC and defendant-tenant Standard Logistics LLC. Plaintiff appeals from a February 2, 2024[1] order denying its motion to enforce a June 30, 2023 settlement agreement with defendant.

Defendant defaulted on lease payments and litigation ensued. The parties entered a settlement agreement resolving the matter. The settlement agreement permitted defendant to remain at premises until October 31, 2023, and set forth defendant's obligations until the lease terminated. The parties agreed that in the event of default on any of the terms of the agreement, plaintiff was authorized to present a consent judgment for all monies due and owing.

In September 2023, plaintiff alleged defendant breached the settlement agreement. Defendant disputed plaintiff's allegations and asserted plaintiff had wrongfully resorted to self-help by locking defendant out of the premises.

The court denied enforcing the settlement agreement, without a hearing, because it concluded that plaintiff breached the agreement by prematurely taking over the property, and because there was no evidence of unauthorized dumping

---

[1] The typed date included in the body of the order of January 2, 2024 is an error. The order was stamped "[p]repared and filed by the court [on] February 2, 2024." We are treating the February 2, 2024 order as a final order. However, the record is unclear as to what, if any, issues remain unresolved.

A-2067-23

by defendant. Because the court denied enforcement of the agreement as a matter of law, and without a hearing to resolve the factual issues in dispute, we reverse, vacate the order and remand for a plenary hearing.

I.

We summarize the relevant facts from the motion record. In 2015, defendant entered a ten-year lease of a commercial warehouse located at 530 Duncan Avenue, Jersey City, New Jersey. In approximately March 2020, the original landlord, Grenwolde Investment Corp., sold the property to plaintiff. After the purchase, defendant executed an addendum to the lease recognizing plaintiff as its new landlord.

In March 2022, plaintiff asserted that defendant defaulted under the lease when it failed to pay all rent due and owing and made late rental payments on more than two occasions. As a result, plaintiff filed a complaint for monetary damages (the monetary action) and a complaint for possession (the possession action) on February 7, 2023.

Plaintiff filed for summary judgment in the monetary action in April 2023. Before the motion was heard, the parties reached a settlement agreement. The agreement allowed defendant to remain on the premises until October 31, 2023. The agreement required defendant, in relevant part, to:

(1) remove all personal property and debris from the interior and exterior of the leased premises such that it is broom clean as required by paragraph 31 of the lease on or before October 31, 2023;

(2) beginning July 5, 2023, make full and timely monthly payments of $46,058.39 on or before August 1, September 1, and October 1, 2023 through the date of defendant's vacation concluding on October 31, 2023;

(3) execute the consent judgment for possession in the Tenancy Action, annexed to the settlement agreement as Exhibit A; and

(4) execute the consent money judgment in the Law Division Action, annexed to the settlement agreement as exhibit B.

The agreement set forth the events that would constitute a default under the settlement agreement if defendant:

(1) fails to make any rental payment when due;

(2) files a bankruptcy petition;

(3) fails to timely vacate; or

(4) breaches any other settlement term.

Upon an event of default, the agreement authorized plaintiff to submit the consent judgments for possession or monetary damages in the stipulated amount

4

of $796,484.39, not including attorneys' fees and costs. Plaintiff asserted that the settlement agreement did not relieve defendant of the remaining obligations under the lease.

On September 19, 2023, a neighboring property owner advised plaintiff that defendant had been bringing truckloads of unknown material onto the property in unmarked trucks and dumping and spreading the material on the premises. Over the next two days, plaintiff's representatives went to the premises and observed unauthorized conduct and unknown material on the premises. Plaintiff hired twenty-four-hour security to prevent further unauthorized dumping.

On September 20, 2023, a cease-and-desist demand was served upon defendant. Shortly thereafter, plaintiff requested relevant documents and information regarding the material brought onto the leased premises by defendant. Defendant's counsel agreed to provide the requested documents by September 28, 2023. However, when the information was not provided, in a letter dated September 29, 2023, plaintiff notified the court of defendant's breach of the settlement agreement and submitted the consent judgments, which had been attached to the agreement, for execution.

A-2067-23

Defendant objected to the execution of the consent judgment for monetary damages and asserted that plaintiff wrongfully resorted to self-help by posting a twenty-four-hour security guard on the premises and locking defendant out of the property. Although defendant acknowledged not making the final rental payment on October 1, 2023, it claimed it did so because of plaintiff's use of self-help. Defendant also asserted that plaintiff had gained possession of the property before October 1, 2023 and thereby breached the settlement agreement.

On January 3, 2024, plaintiff filed a motion to enforce the settlement agreement as it pertained to the monetary damages. By that time, defendant had vacated the premises; therefore, defendant did not object to the entry of the consent judgment for possession, which was executed and entered on January 4, 2024.

Plaintiff contended that defendant breached the settlement agreement in four ways: (1) by failing to vacate the premises by October 31, 2023; (2) by failing to make the rental payment due by October 1, 2023; (3) by failing to leave the premises in "broom clean" condition; and (4) by the unauthorized dumping of unknown material on the premises. Defendant denied breaching the agreement and argued that plaintiff wrongfully locked defendant out of the premises and prevented it from entering the property. Furthermore, defendant

6

contended it was repaving the driveway consistent with its responsibility under the lease to maintain the premises and leave it in good condition upon termination of the lease.

The parties disputed whether defendant was prevented from entering the property. At the hearing on February 2, 2024, the court pointed out the conflicting factual assertions regarding whether a lock out had occurred and recognized the need for a hearing to resolve that fact. However, in denying plaintiff's request to enforce the settlement agreement, the court did not order a plenary hearing to resolve these genuine issues and determine whether the settlement agreement should or should not be enforced. Instead, it reasoned that,

> [t]here are several compelling circumstances present in this matter to not enforce the settlement agreement. First, [p]laintiff jumped the gun and took over the property. In addition, there is no proven and contingent "dumping" claim addressed by the current lawsuit or addressed by the Settlement Agreement. Giving [p]laintiff approximately $800,000 as part of a consent judgment for [p]laintiff's allegations of contaminated debris being dumped onto the property by [d]efendant would deprive [d]efendant of discovery, defenses, expert opinions, and ability to sue any responsible parties. This alleged "property damage claim" is better suited in a separate action.

In rendering its decision denying enforcement of the agreement, the court appears to have conflated the breach of settlement claims with the new claim of

7

unauthorized dumping. While the court seemed to conclude that the dumping claim should be addressed in a separate action, it denied, as a matter of undisputed facts, the breach of settlement claims without resolving the genuine issues of material fact related to the enforcement application. This appeal followed.

## II.

Our jurisprudence in New Jersey values settlement agreements as an appropriate way to resolve disputes. Gere v. Louis, 209 N.J. 486, 500 (2012). Settlement agreements are to be encouraged and enforced. Ibid. "This policy rests on the recognition that 'parties to a dispute are in the best position to determine how to resolve a contested matter in a way which is least disadvantageous to everyone.'" Ibid. (quoting Impink ex rel. Baldi v. Reynes, 396 N.J. Super. 553, 563 (App. Div. 2007)). Moreover, a settlement "spares the parties the risk of an adverse outcome and the time and expense — both monetary and emotional — of protracted litigation." Kernahan v. Home Warranty Adm'r of Fla., Inc., 236 N.J. 301, 323 (2019) (quoting Willingboro Mall, Ltd. v. 240/242 Franklin Ave., L.L.C., 215 N.J. 242, 253-54 (2013)). Therefore, settlement agreements, like contracts freely and voluntarily entered, "should [be] honor[ed] and enforce[d] as [are] other contracts." Pascarella v.

A-2067-23

<u>Bruck</u>, 190 N.J. Super. 118, 124-125 (App. Div. 1983) (citing <u>Honeywell v. Bubb</u>, 130 N.J. Super. 130, 136 (App. Div. 1974)).

"In furtherance of this policy, our courts 'strain to give effect to the terms of a settlement wherever possible.'" <u>Brundage v. Est. of Carambio</u>, 195 N.J. 575, 601 (2008) (quoting <u>Dep't of Pub. Advoc. v. N.J. Bd. of Pub. Utils.</u>, 206 N.J. Super. 523, 528 (App. Div. 1985)). Therefore, settlement agreements will be honored "absent a demonstration of 'fraud or other compelling circumstances.'" <u>Nolan v. Lee Ho</u>, 120 N.J. 465, 472 (1990) (quoting <u>Pascarella</u>, 190 N.J. Super. at 125).

Under certain circumstances, a plenary hearing is necessary to resolve material factual disputes. The New Jersey Supreme Court has noted that "appellate courts will not disturb the decision to deny a plenary hearing unless there is a 'clear abuse of discretion.'" <u>Furst v. Einstein Moomjy, Inc.</u>, 182 N.J. 1, 25 (2004) (quoting <u>Rendine v. Pantzer</u>, 141 N.J. 292, 317 (1995)). Further, the Court has emphasized that "a plenary hearing should be conducted only when the certifications of counsel raise material factual disputes that can be resolved solely by the taking of testimony." <u>Id.</u> at 24.

Here, the court recognized that genuine factual disputes existed as to whether plaintiff locked defendant out of the premises, thereby wrongfully

9

resorting to self-help, and whether defendant's conduct in paving the lot was consistent with the lease and settlement agreement requirements. However, while the court correctly noted that testimony was needed to resolve these material disagreements, it erred in not conducting a hearing to resolve them. Rather, the court denied the relief sought, with finality, and directed the parties to address the unlawful dumping claims in a separate action. While we agree that the court correctly denied enforcement of the settlement agreement at the motion, it should have done so without prejudice and scheduled a plenary hearing to resolve the material issues in dispute. As a result, the court abused its decision in denying enforcement of the settlement agreement without a plenary hearing to determine whether the settlement agreement should or should not be enforced.

Even though plaintiff asserted that any alleged dumping violated the original lease agreement which prohibited the "transport" or "disposal" of waste and required defendant to comply with all environmental laws, the court noted, this claim may be "better suited in a separate action." However, the court seems to have based its decision not to enforce the settlement agreement, in part, on the lack of evidence of the dumping allegations without considering the other claims of a breach. Thus, at the hearing on remand, the parties should consider

A-2067-23

whether these claims should be joined to the present action under the entire controversy doctrine. We express no opinion on the merits of that issue but do direct that it be expressly addressed at the proceedings on remand.

In sum, we reverse and vacate the order denying enforcement of the settlement agree without a plenary hearing and remand the matter for a fact-finding hearing on plaintiff's motion to enforce the settlement agreement. In addition, the court and parties should consider whether to join the new claims of unauthorized dumping with the enforcement action.

Reversed, vacated, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION